IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KINWEN LaMARROW STALLWORTH,
AIS # 203660,                                       :

    Plaintiff,                              :

vs.                                                 :     CIVIL ACTION 10-0520-CG-C

MONROE COUNTY HOSPITAL, *et al.*,                   :

    Defendants.                             :

**REPORT AND RECOMMENDATION**

Plaintiff, a Monroe County, Alabama jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that defendants Monroe County Hospital, Monroe County Jail, and Kilby Corrections Medical Staff be dismissed with prejudice from this action, prior to service of process, because the claims against them are frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). However, this action will proceed against defendant Thomas Tate.

**I.  Nature of Proceedings.**

Plaintiff's § 1983 complaint (Doc. 7) and amended complaint (Doc. 13) are before the Court for screening. They name as defendants: Thomas Tate, Sheriff of Monroe County Detention Facility ("jail") (Docs. 7 at 5-6; 13 at 5); Monroe County Hospital (Doc. 7 at 6); Monroe County Jail ("jail") (*id.*); and Correctional Medical Services at "Kilby Corrections Medical Staff" ("Kilby Medical Staff") (Doc. 13 at 5).

Plaintiff's allegations begin with him complaining that "the Monroe County Hospital perform[ed] surgery [on him] in the emergency room for biopsy and removal of cancer from [his] stomach[, but the] surgery was never completed by the medical staff of Monroe County Hospital." (*Id.* at 6-7). And "surgical tissues" were "left in [his] stomach [which] have caused the cancer to spread." (*Id.* at 6). The Monroe County Hospital, having failed to complete the surgery, allowed defendant Tate to transfer plaintiff to the jail "without medical treatment, medication and [where there was] no medical staff." (*Id.* at 5). Plaintiff lost stomach muscles on his left side and began "to have blood in his stool, headaches, stomach pains and difficult[y] eating and holding food or liquids on [his] stomach." (*Id.*). He told defendant Tate about his pain and as a result of his "complaining, [he] was transfer[red] to Kilby Correctional Facility where [he] received no medical treatment or medical attention." (*Id.*). The blood in his stools, headaches and pain continue in addition to having the cancer spread throughout his stomach. (*Id.*).

In the amended complaint he states that "during a physical examination at the jail a serious medical problem was found "that would cause from surgery and medical attention." (Doc. 13 at 4). (The Court does not know how to construe the foregoing phrase in quotation marks.) Even though the jail staff knew of the condition, plaintiff was transferred to Kilby Correctional Facility ("Kilby") where he lost weight and had blood in his stool, headaches, and pain. (*Id.*). Plaintiff understands that his doctor, Dr. Roy Gandy "had recall on the surgery." (*Id.*). Because he has not received proper treatment at Kilby, plaintiff wants to be transferred to where he can have surgery or proper medical attention for his life threatening condition and pain. (*Id.*). The last contact that the Court had with plaintiff indicates that he was at the Monroe County Detention Facility as of May 27, 2012. (Doc. 15 at 2).

In a subsequent filing (Doc. 15), plaintiff states that his case is for the "failure to finish operation to remove 'dermafibrasarcoma' that resulted in abdom[in]al cancer."[1] (Doc. 15 at 1). For relief, plaintiff requests that his surgery be completed, that he receive proper medical treatment and attention, "that defendants be held accountable for failure to provide proper medical attention for a serious medical injury" (Doc. 7 at 8), and that the courts investigate "all counties and prisons medical services and staff." (Doc. 13 at 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint and amended complaint (Docs. 7, 13) under 28 U.S.C. § 1915(e)(2)(B).  Under § 915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127

---

[1] The Court discovered on the internet the term dermatofibrosarcoma protuberans, which is a rare tumor involving "the dermis layer of the skin, and is classified as a sarcoma." WIKIPEDIA, http://en.wikipedia.org/wiki/Dermatofibrosarcoma_protuberans (last visited June 14, 2012).

[2] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Iqbal*, 566 U.S. 662, 129 S.Ct. 1937).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

### A. Monroe County Jail.

Plaintiff alleges that defendant Monroe County Jail failed to have a medical staff and to provide adequate medical treatment and medication. (*Id.* at 6). This defendant, however, is an entity that is not capable of being sued. Under § 1983 liability can only be imposed against an entity that is capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]" FED.R.CIV.P. 17(b); *see Dean*, 951 F.2d at 1214.

Under Alabama law, the sheriff "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ." ALA. CODE § 14-6-1. Generally, a sheriff's department operates a county jail. However, an Alabama sheriff's department lacks the capacity to be sued. *Dean*, 951 F.2d at 1214; *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Then, it follows that an Alabama county jail likewise lacks the capacity to be sued. *Russell v. Mobile County Sheriff,* No. Civ. A. 00-0410-CB-C, 2000 WL 1848470, at *3 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); *House v. Cook County Dept. of Corrections*, No. 98 C 788, 1998 WL 89095, at *2 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); *May v. North County Detention Facility*, No. C 93-1180 BAC, 1993 WL 300290, at *2 (N.D. Cal. July 21, 1993) (unpublished) (same); *see also Castillo v. Cook Co. Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity). Therefore, the Court finds that Monroe County Jail is not a suable entity or a person for § 1983 purposes. Accordingly, plaintiff's claim against this defendant is frivolous as a matter of law.

### B.  Monroe County Hospital.

Defendant Monroe County Hospital allegedly failed to complete plaintiff's surgery, left surgical tissues in plaintiff's stomach, and caused the cancer to spread and the loss of muscle on plaintiff's left side.  (*Id.* at 6).  The individual who performed surgery on plaintiff is not named as a defendant.  And the Court does not know if this person would be a proper defendant under § 1983 because the Court does not know if he or she acts under color of state law.  Nevertheless, it is readily apparent that the complained of actions were taken by an individual, and not by defendant Monroe County Hospital.  Thus, the Court finds that plaintiff is seeking to hold defendant Monroe County Hospital liable for the actions of its employee.

Under § 1983 liability cannot be imposed against a supervisor based solely on the acts of a subordinate.  *Monell v. Department of Social Services of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor); *see also Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992) (noting cases extending the *Monell* rationale to various entities including a private mental health center).  Section 1983 imposes liability only when a person causes injury to another.  *Monell,* 436 U.S. at 692, 98 S.Ct. at 2036.  That is, a defendant cannot be held liable on the basis of *respondeat superior* or vicarious liability for a constitutional violation caused by another when there is no showing of a causal connection between the defendant and the constitutional violation.  *Id.* at 691, 98 S.Ct. at 2036.  A supervisory defendant, who does not personally participate in a constitutional violation, can only be causally connected to the constitutional violation through a policy or custom.  *Id.* at 694, 98 S.Ct. at 2037-38; *see Mercer v. Broward Hosp. Dist.*, 270 F. App'x 789, 791 (11th Cir. 2008) (finding the entity that operated the medical center could not be held liable in a § 1983

action under the theory of *respondeat superior* for the medical personnel's actions).³ Accordingly, the undersigned finds that plaintiff seeks to impose liability against defendant Monroe County Hospital on the basis of *respondeat superior* alone and, as a consequence, plaintiff's claim is frivolous.

### C.  Kilby Medical Staff.

Plaintiff identified this defendant as "Correctional Medical Services is employed as Kilby Corrections Medical Staff," which the undersigned construes to be the Kilby Medical Staff. (Doc. 13 at 5).  Plaintiff alleges that while he was at Kilby, he requested medical attention several times, but "they only gave [him] medication[,]" even though he told "them" that he needed surgery.  (*Id.*).  He further claims that even after his complaining, the medical staff failed to review his medical records and failed to provide him proper medical care.  (*Id.*).

The medical staff at Kilby, however, is not a legal entity capable of being sued.  *Simrin v. Correctional Med. Servs.,* No. Civ. 05-2223 RBK, 2006 WL 469677, at *3 -*4 (D. N.J. 2006) (unpublished) (collecting cases holding that a prison medical staff is not a legal entity subject to suit); *Merrell v. Dukes,* No. 85-2556, 1985 WL 3566, at * 1 (E.D. Pa. Nov. 5, 1985) (unpublished) (ruling that a prison medical staff is not a suable entity); *cf. Murphy v. Clarke County Jail,* CA No. 09-0660-WS-C, 2010 WL 1487872, at * 2 (S.D. Ala. 2010) (unpublished) (finding that the Clarke County Jail's nurses department and medical staff were not entities subject to being sued, nor are they are "persons" for § 1983 purposes); *Bey v. Pennsylvania Dept. of Corrections,* 98 F.Supp.2d 650, 657 & n. 21 (E.D.Pa. 2000) (dismissing the medical staff because it was a component of a state institution entitled to Eleventh Amendment immunity and,

---

³ "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

therefore, was not capable of being sued, and was not a "person" for § 1983 purposes); *Johnson v. Sheahan,* 94 C 618, 1994 WL 494803, at *1 (N.D. Ill. Sept. 8, 1994) (unpublished) (holding that the jail medical staff is "neither a person or entity subject to suit because of the lack of a legal existence"); *Jefferys v. Department of Corrections,* No. 94 CIV 2942(VLB), 1994 WL 702752, at *1 (S.D.N.Y. Dec. 13, 1994) (unpublished) (finding the jail's medical staff was a vague and ambiguous term, and is not a legal entity capable of being served or sued).

After an examination of federal law and Alabama state law, the Court concludes that defendant Kilby Medical Staff is not an entity capable of being sued, nor is it a "person" for § 1983 purposes. Thus, a claim against this defendant is frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that defendants Monroe County Hospital, Monroe County Jail, and Kilby Medical Staff be dismissed with prejudice from this action, prior to service of process, because the claims against them are frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 21st day of June, 2012 .

            s/ WILLIAM E. CASSADY
            UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).